**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PAUL DELOGE,

     Plaintiff,

v.                                       Case No. 11-13961

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Paul Deloge appeals from Defendant Commissioner of Social Security's denial of disability insurance benefits and supplemental security income. Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R&R") advising the court to deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. Plaintiff timely filed objections to the R&R to which Defendant responded. After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objections, adopt the R&R, grant Defendant's motion for summary judgment, and deny Plaintiff's motion for summary judgment.

# I. STANDARD

## A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

### A. Objection Number 1

Plaintiff objects that the Magistrate Judge erred in finding that the case should not be remanded in light of a determination made by the Department of Veterans Affairs (the "VA"). The ALJ denied Plaintiff disability benefits on August 11, 2005. At that time, the VA had deemed Plaintiff less than 100% disabled. On March 31, 2008—two years

3

and seven months after the ALJ's decision—the VA found that Plaintiff was 100% disabled.  In light of this new finding, Plaintiff asserts that the case should be remanded so that the ALJ may review this evidence and reconsider whether Plaintiff is entitled to disability benefits.

Under sentence six of 42 U.S.C. § 405(g), the court may remand a case and order that new evidence be considered "only upon a showing that there is new evidence which is material and there is good cause for failure to incorporate such evidence into the record in a prior proceeding."  "In order for the claimant to satisfy this burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence."  *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988).

Plaintiff has not met his burden of showing that the VA determination is material evidence.  While the VA decision constitutes evidence than an ALJ will consider, 20 C.F.R. § 404.1512(b)(5), Plaintiff concedes that the ALJ is not bound by the VA's decision, 20 C.F.R. § 404.1504 ("[A] determination made by another agency that you are disabled or blind is not binding on us.").  Nothing in the ALJ's decision suggests that the VA's finding of Plaintiff being less than 100% disabled played a significant role in his determination.  Furthermore, evidence cannot be considered if it "pertains to a time outside the scope of . . . inquiry."  *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  While the VA's decision considered evidence that preceded the ALJ's August 2005 findings, its determination was heavily based on evidence that arose after the ALJ's decision.  (Tr. 419-29.)  Finally, the VA made its decision over two

4

and one-half years after the ALJ's findings, which further erodes its materiality. Plaintiff

has not demonstrated that there is a "reasonable probability" that the ALJ would reverse

his decision upon reviewing the VA's March 2008 determination. The objection is

overruled.

### B. Objection Number 2

Plaintiff objects to the Magistrate Judge's approval of the ALJ's credibility finding.

The objection contains two distinct complaints. First, Plaintiff claims that the ALJ erred

by not evaluating his fibromyalgia under the factors outlined in 20 C.F.R. § 404.1527.

That statute explains how the Social Security Administration weighs medical opinions.

When evaluating whether a fibromyalgia claimant is disabled, "the weight of the [treating

physician's] opinion must depend primarily on the factors provided in 20 C.F.R. §

404.1527." *Runyon v. Apfel*, 100 F. Supp. 2d 447, 450 (E.D. Mich. 1999). However,

Plaintiff does not identify a medical opinion preceding the ALJ's findings which assess

the extent to which the fibromyalgia limited Plaintiff's functionality or states whether the

fibromyalgia rendered him disabled. Instead, the materials submitted by Plaintiff only

state that he was diagnosed with fibromyalgia. (Tr. 333.) As there was no medical

opinion for the ALJ to weigh under the factors in 20 C.F.R. § 404.1527, this first

complaint is without merit.

Second, Plaintiff argues that the ALJ used boilerplate language in concluding that

Plaintiff's complaints were not credible. Plaintiff claims the ALJ's analysis was

inadequate because it did not consider any of the factors outlined in 20 C.F.R.

§ 404.1529(c)(3). But an examination of the ALJ's decision shows this is not the case.

The ALJ found that Plaintiff's complaints were "not substantiated by medical evidence"

and explained how an x-ray, CT scan, and MRI of Plaintiff supported that conclusion.
(Tr. 23.)  The ALJ noted that Plaintiff had not "required significant treatment for his
alleged headaches."  (*Id.*)  The ALJ remarked that Plaintiff had only recently been
diagnosed with fibromyalgia and that he had not substantiated his claims that he can sit
for only five minutes at a time.  (*Id.*)  The ALJ observed that Plaintiff's medication was
providing him with pain relief and that his dosage had not been increased recently.  (Tr.
24.)  The ALJ also discerned that the medical evidence did not support Plaintiff's claim
that he had significant side effects from the medication.  (*Id.*)  The ALJ, therefore,
considered objective medical evidence, 20 C.F.R. § 404.1529(c)(2), and the dosage,
effectiveness, and side effects of Plaintiff's medication, 20 C.F.R. § 404.1529(c)(iv).
Such analysis is not meaningless boilerplate, but rather "inform[s] [the court] in a
meaningful, reviewable way of the specific evidence the ALJ considered in determining
that claimant's complaints were not credible."  *Bjornson v. Astrue*, 671 F.3d 640, 645
(7th Cir. 2012).  Plaintiff's second objection is overruled.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objections [Dkt. # 19] are
OVERRULED and the Magistrate Judge's report and recommendation [Dkt. # 18] is
ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

6

IT IS FURTHER ORDERED that Defendant's motion for summary judgment

[Dkt. # 16] is GRANTED and Plaintiff's motion for summary judgment [Dkt. # 11] is

DENIED.

       s/Robert H. Cleland                 
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  January 17, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on
this date, January 17, 2013, by electronic and/or ordinary mail.

       s/Lisa Wagner                    
       Case Manager and Deputy Clerk
       (313) 234-5522